**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 12-1321

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ RAFAEL PÉREZ-PÉREZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Torruella, Selya and Lipez,
Circuit Judges.

Luis A. Guzmán Dupont on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

March 15, 2013

**Per Curiam**.  Law enforcement officials in Puerto Rico designed a sting operation to ensnare corrupt police officers who were providing protection services to drug dealers.  Defendant-appellant José Rafael Pérez-Pérez was caught in this net.  A jury convicted him on three counts charging conspiracy, attempted distribution of drugs, and possession of a firearm in relation to a drug-trafficking crime.  See 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 924(c)(1)(A); see also 18 U.S.C. § 2.

The appellant now prosecutes a rifle-shot appeal, in which he challenges the sufficiency of the evidence to support these convictions.  See Fed. R. Crim. P. 29.  He contends that the evidence is insufficient for a rational jury to find that he knew he was going to participate in a drug transaction.  He points principally to his own testimony — that he only agreed to provide armed protection to a transaction of diamonds or jewels — in support of this argument.

The standard of review applicable to an appellant who moves for judgment of acquittal pursuant to Rule 29 at the close of evidence is daunting.  We must take the evidence and all reasonable inferences therefrom in the light most favorable to the government.  United States v. Singh, 222 F.3d 6, 8 (1st Cir. 2000).  As part of this tamisage, we must assume the credibility of all testimony favorable to the government.  See United States v. Fenton, 367 F.3d 14, 18 (1st Cir. 2004).  Here, moreover, the appellant failed

-2-

properly to renew his motion for judgment of acquittal; thus, an even higher obstacle looms.  We will reverse his convictions only if the verdict threatens to work a clear and gross injustice.  See United States v. Hicks, 575 F.3d 130, 139 (1st Cir. 2009).

The appellant cannot overcome either standard of review. Taking the testimony of the government's principal witnesses, Héctor Cotto-Rivera and Héctor López-Terrón, as true — as we must — the evidence suffices to permit the jury to find each and every element of the offenses of conviction beyond a reasonable doubt. Specifically, the evidence permits the jury to find that the appellant knew that he was involved in a drug transaction.  The testimony of the government's witnesses reveals that the appellant was specifically informed that he would guard a cocaine transaction.  In addition, the video recordings presented by the government reveal that packages resembling cocaine were within the direct view of the appellant, who stood in close proximity while the packages were inspected by the purported drug buyer.  No more is exigible to reject the appeal.

We need go no further.  The judgment of the district court is summarily affirmed.  See 1st Cir. R. 27.0(c).


**Affirmed**.